UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND JUSTO KITILYA,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

Defendants.

No.  2:18-cv-1022 KJN P

ORDER

Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff has not, however, filed a completed and signed in forma pauperis affidavit or paid the required filing fee of $350.00 plus the $50.00 administrative fee.[1]  See 28 U.S.C. §§ 1914(a), 1915(a).

The federal venue statute provides that a civil action "may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action

---

[1]  If leave to file in forma pauperis is granted, plaintiff will still be required to pay the filing fee but will be allowed to pay it in installments.  Litigants proceeding in forma pauperis are not required to pay the $50.00 administrative fee.

1

is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this action, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Venue of this action is technically appropriate in the Eastern District of California because the headquarters of the California Department of Corrections and Rehabilitation ("CDCR") is located in this district. Nevertheless, the court is transferring this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a) in the interests of justice for the following reasons.

The Eleventh Amendment serves as a jurisdictional bar to suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978)( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). In the instant case, the State of California has not consented to suit. Accordingly, plaintiff's claims against the CDCR are frivolous and subject to dismissal. Additionally, plaintiff is seeking monetary damages only and has not stated a claim for injunctive relief. As such, the CDCR is subject to dismissal from this 42 U.S.C. § 1983 action. Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979). Venue would then be improper in this district because no defendant would be found here. Venue would also be improper because some of the claims for which plaintiff seeks relief took place in the Northern District. Thus, it is appropriate that those claims be litigated in that district.

In accordance with the above, IT IS HEREBY ORDERED that this action is transferred to the Northern District of California.

Dated: May 1, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/kiti1022.21c

2